UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
J&N RECORDS, LLC.,

                          Plaintiff,

        -against-

PLANET RECORDS a Division of
FERRANTE PRODUCTIONS, S.R.L.
ROBERTO FERRANTE, and SCORPIO MUSIC,

                          Defendants.
------------------------------------------------------------------x

Case No. 12-CV-7265 (KBF)

**ELECTRONICALLY FILED**


# REPLY MEMORANDUM OF LAW OF DEFENDANTS ROBERTO FERRANTE AND PLANET RECORDS IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT

HERZFELD & RUBIN, P.C.
125 Broad Street
New York, New York 10004
(212) 471-8500

*Attorneys for Defendants*
*Roberto Ferrante and*
*Planet Records*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................1

ARGUMENT ............................................................................................................................1

    I.       Plaintiff's Claims of Unjust Enrichment, Conversion, and Breach of
             Contract are Preempted by the Copyright Act .........................................................1

    II.      The Unjust Enrichment Claim against Ferrante Lacks Essential
             Elements and is Barred by Existence of Contract......................................................3

    III.     Plaintiff Fails to State a Claim for  Conversion........................................................4

          i.      The Amended Complaint Fails to Plead the Elements of
                  Conversion...................................................................................................4

          ii.     The Conversion Claim is Barred by Statute of Limitations .............................5

    IV.     Plaintiff Fails to State a Claim for Fraud against the Defendants............................7

          i.      Plaintiff Fails to Plead the Element of Reasonable Reliance ..........................7

          ii.     The Fraud Claim is Duplicative of the Breach of Contract Claim ..................8

    V.      Plaintiff's Breach of Contract Claim Should Be Dismissed....................................8

    VI.     The Court Lacks Personal Jurisdiction Over Ferrante............................................9

CONCLUSION........................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Cooper v. Sony Records Int'l*, 2001 U.S. Dist. LEXIS 16436, (S.D.N.Y. Oct. 15, 2001) ............................................................................................................. 2, 5, 6, 8

*Fabry's S.r.L. v. IFT Int'l. Inc.*, No. 02 Civ. 9855, 2003 U.S. Dist. LEXIS 8597 ......................... 5

*Gary Friedrich Enters., L.L.C. v. Marvel Enters., Inc.*, 713 F. Supp. 2d 215 (S.D.N.Y. 2009) ................................................................................................................ 2

*GEM Advisors, Inc. v. Corporacion Sidenor S.A.*, 667 F. Supp. 2d 308 (S.D.N.Y. 2009) ................................................................................................................ 8

*Grumman Allied Indus. v. Rohr Indus. Inc.*, 748 F.2d 729 (2d Cir. 1984) ..................................... 7

*Productores Asociados de Cafe Rio Claro v. Moreno*, No. 98 Civ. 499, 1999 U.S. Dist LEXIS 6627 (S.D.N.Y. May 7, 1999) ........................................................ 5

*Rodgers v. Roulette Records, Inc.,* 677 F. Supp. 731 (S.D.N.Y. 1988) ......................................... 5

*TVT Records v. Island Def Jam Music Grp.*, 412 F.3d 82 (2d Cir. 2005) ..................................... 8

*WNET v. Aereo, Inc.*, 871 F. Supp. 2d 281 (S.D.N.Y. 2012) ......................................................... 2

*Zumpano v. Quinn*, 849 N.E.2d 926 (N.Y. 2006) ........................................................................... 6

**Statutes**

Copyright Act 17 U.S.C. §101 et seq. ........................................................................... 1, 2, 3, 4, 9

Copyright Act 17 U.S.C. §106 ................................................................................................... 1, 2

Copyright Act 17 U.S.C. §301 ........................................................................................................ 2

**Rules**

Federal Rules of Civil Procedure 9(b) ........................................................................................... 6

Federal Rules of Civil Procedure Rule 12(b)(2) ........................................................................... 1

Federal Rules of Civil Procedure Rule 12(b)(6) ........................................................................... 1

Defendants Planet Records[1] and Ferrante respectfully submit this reply memorandum of law in further support of their motion pursuant to Rule 12(b)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Amended Complaint filed by J&N for lack of personal jurisdiction against Ferrante and for failure to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

Plaintiff's opposition to Defendants' Motion to Dismiss only confirms that Defendants' Motion to Dismiss should be granted in its entirety. By failing to cite, in its lengthy opposition, a single case or authority supporting its unprecedented claim to royalties for so-called "neighboring rights" under U.S. law, Plaintiff tacitly concedes that its entire complaint lacks legal foundation and is utterly without merit. For the reasons set forth in Defendants' memorandum of law and for the further reasons set forth herein, Defendants' Motion should be granted and the Amended Complaint dismissed in its entirety.[2]

## ARGUMENT

### I. Plaintiff's Claims of Unjust Enrichment, Conversion, and Breach of Contract are Preempted by the Copyright Act

Defendants demonstrated that Plaintiff's claims for unjust enrichment, conversion and breach of contract are preempted by the Copyright Act under clear legal authority because the claims are not "qualitatively different" from a copyright claim. (Defs. MOL[3] at 10-13). Plaintiff's sole argument in response is that its state law claims are not preempted because they do not allege a violation of one of the specific, exclusive bundle of rights enumerated in Section

---

[1] Unless otherwise specified, capitalized terms are used herein as defined in the Amended Complaint.

[2] In its opposition, Plaintiff requests to amend the complaint a third time. Plaintiff's failure to plead any claims against Defendants, as Plaintiff's claims fail as a matter of law, can be attributed only to futility. Therefore, leave to amend a third time should be denied.

[3] "Defs. MOL" refers to Defendants Memorandum of Law in support of their Motion to Dismiss the Amended Complaint dated July 19, 2013.

106 of the Copyright Act.[4] (Pl. MOL[5] at 8-9). This misstates the law since preemption under Section 301 is "broader than those state law claims for which a successful copyright claim can be stated." *WNET v. Aereo, Inc.*, 871 F. Supp. 2d 281, 290 (S.D.N.Y. 2012); *see also Gary Friedrich Enters., L.L.C. v. Marvel Enters., Inc.*, 713 F. Supp. 2d 215, 226 (S.D.N.Y. 2009) ("the shadow actually cast by the [Copyright] Act's preemption is notably broader than the wing of its protection.").

This Court, in *Aereo*, squarely rejected the precise argument made by Plaintiff here. *Aereo, Inc.*, 871 F. Supp. 2d at 284. In *Aereo*, the court examined whether a state law claim for misappropriation of "private performance" rights was preempted under the Copyright Act even though Section 106 expressly protects only "*public* performance" rights. Private performance is not among the bundle of exclusive rights listed in Section 106. *Id.* at 284-85. Carefully considering the statutory text and structure of the Copyright Act, the legislative history and Second Circuit case law, the court held that plaintiffs' claims were preempted because *inter alia* the rights which plaintiffs sought to vindicate were within the "general scope" of the exclusive rights protected by Section 106. *Aereo, Inc.*, 871 F. Supp. 2d at 284.

So also here. Contrary to Plaintiff's assertions, Plaintiff's claims are all based on the alleged violation of rights well within the "general scope" of rights afforded to a copyright owner under Section 106 – namely, Plaintiff's alleged rights to distribute and collect royalties from "neighboring rights" – rights, which even Plaintiff concedes, "neighbor" or relate to the exclusive rights provided by copyright. (Pl. MOL at 9). The essence of Plaintiff's claims - to recover damages for the alleged unlawful exploitation of its copyrighted work- is the *essence* of

---

[4] 17 U.S.C. §101 et seq.

[5] "Pl. MOL" refers to Plaintiff Memorandum of Law in opposition to Defendants' Motion to Dismiss the Amended Complaint dated August 12, 2013.

a copyright claim. *See Cooper v. Sony Records Int'l*, 2001 U.S. Dist. LEXIS 16436 at *5 (S.D.N.Y. Oct. 15, 2001) (breach of contract and unjust enrichment claims for commercially exploiting musical works allegedly beyond scope of license agreement are the "essence" of copyright claims and preempted). Plaintiff cites no case authority to support its argument that its claims are not preempted by the Copyright Act. Therefore, for the reasons above stated, Plaintiff's claims for unjust enrichment, conversion and breach of contract are each preempted by the Copyright Act and should be dismissed.

### II. The Unjust Enrichment Claim against Ferrante Lacks Essential Elements and is Barred by Existence of Contract

Defendants demonstrated that Plaintiff's unjust enrichment claim is not only clearly preempted by the Copyright Act, but is also (i) defeated by Plaintiff's failure to plead an essential element of unjust enrichment, namely, that Ferrante was "enriched" (Defs. MOL at 15); and (ii) barred by the admitted existence of a contract covering the same subject matter of the claim, even though Mr. Ferrante was not a party to that contract. (Defs. MOL at 13-15).

Plaintiff did not respond at all to Defendants' showing that Plaintiff pled conflicting allegations, thus failing to plead the essential elements of unjust enrichment. Plaintiff, however, concedes that the existence of a valid and enforceable contract precludes recovery under *quasi contract* theories, but argues that, in this case, there is a "*bona fide*" dispute as to the existence of a contract. (Pl. MOL at 13). This "alternative pleading" exception is inapplicable here because there is no "*bona fide*" dispute over the existence of a contract. Plaintiff clearly does not argue that there is a dispute about the existence of a contract between it and Planet Records, nor that the contract with Planet Records governs the subject matter of Plaintiff's unjust enrichment claim. (Defs. MOL at 14). Instead, Plaintiff attempts to argue that there is a "*bona fide*" dispute as to the existence of an enforceable contract with *Ferrante*, erroneously citing to a non-existent

3

page of Defendants' motion papers. The Amended Complaint, however, does not allege that there is a contract between Plaintiff and Ferrante and includes no breach of contract claims against Ferrante. Thus, there can be no "*bona fide*" dispute about the enforceability of any contract with Ferrante. The contract that precludes Plaintiff's claims is the contract with Planet Records. Therefore, Plaintiff's unjust enrichment claim fails as a matter of law.

### III. Plaintiff Fails to State a Claim for Conversion

#### i. The Amended Complaint Fails to Plead the Elements of Conversion

Defendants demonstrated that Plaintiff's conversion claim is not only preempted by the Copyright Act, but also that, if not preempted, Plaintiff could not plead the essential elements of conversion because it could not allege that Defendants exercised "unauthorized dominion over personal property in interference with plaintiff's legal title or superior right of possession." (Defs. MOL at 15-16). In response, Plaintiff argues that Defendants converted "the royalties generated by the neighboring rights in and to the Masters and the Masters comprising the Albums," to which Plaintiff asserts it has a superior right and interest. (Pl. MOL at 16).

Plaintiff offers utterly no legal support for its purported "superior" right or interest in so-called "neighboring rights." No authorities are cited because none exist. The only basis provided is Defendant's purported failure to "dispute" or "deny" that they collected royalties (Pl. MOL at 2), ignoring that allegations in the complaint are assumed to be true for purposes of a motion to dismiss. By turning the issue around on Defendants' alleged "failure to deny," Plaintiff's argument only highlights the lack of legal and factual foundation for its claim to a right or interest in "neighboring rights," or royalties derived from such rights, under U.S. law.

Even assuming arguendo that Plaintiff has a superior right to collect royalties from neighboring rights- which it has not- Plaintiff's claim for conversion fails because under New

4

York law, "a conversion action cannot be predicated on . . . a mere breach of contract obligation." (Defs. MOL at 16). Plaintiff's conversion claim is just a reformulation of its breach of contract claim, and seeks the same damages, and therefore, fails as a matter of law. Moreover, since Plaintiff does not state a claim for conversion as a matter of law, Ferrante cannot be liable for "knowingly fostering" a conversion, as Plaintiff asserts. (Pl. MOL at 19).

The cases cited by Plaintiff are readily distinguishable on the grounds that, in those cases, unlike here, the plaintiffs were able to establish that they had a rightful ownership interest in the property converted. *Fabry's S.r.L. v. IFT Int'l. Inc.*, No. 02 Civ. 9855, 2003 U.S. Dist. LEXIS 8597 (plaintiff was the rightful owner of merchandise sold by defendants and defendants retained payments collected from plaintiff's customers).[6]

### ii. The Conversion Claim is Barred by Statute of Limitations

Defendants demonstrated that Plaintiff's conversion claim is barred in whole or in part by the three-year statute of limitations. (Defs. MOL at 18). In response, Plaintiff argues that the statute of limitations should be tolled because, it alleges, Defendants concealed the existence of the cause of action. (Pl. MOL at 19). Plaintiff, however, has not, as it must, established "(1) wrongful concealment by the defendant; (2) plaintiff's inability to discover the nature of the claim within the limitations period; and (3) plaintiff's due diligence in discovering the claim." *Cooper*, 2001 U.S. Dist. LEXIS 16436, at *9-10 ("The evidence submitted by plaintiff to support a fraudulent concealment claim must not be conclusory, and must establish a conspiracy or other

---

[6] Indeed, the court in *Productores Asociados de Cafe Rio Claro v. Moreno*, No. 98 Civ. 499, 1999 U.S. Dist LEXIS 6627 (S.D.N.Y. May 7, 1999) and *Rodgers v. Roulette Records, Inc.*, 677 F. Supp. 731 (S.D.N.Y. 1988), cited by Plaintiff, found that, as in this case, the elements of conversion were not pled because plaintiff failed to establish any right of ownership. In *Rodgers* the court also found that a claim of conversion of royalties fails because defendants "never held property belonging to plaintiff since they only held the proceeds of sales of their own property, the recordings" and that claims were partially time barred since the statute of limitations runs from the time the conversion occurred. *Id.* at 736.

fraudulent wrong that precluded plaintiff's possible discovery of the harm she suffered."). This is clearly a high standard, including satisfying Rule 9(b), which Plaintiff has not met. *Id.* As in *Cooper*, Plaintiff here fails to adequately plead its "inability to discovery the claim" or its "reasonable diligence" to discover the alleged wrongdoing. *Id. at* \*11, 19 (no allegations that Plaintiffs ever questioned the royalty statements or sought to inspect or audit [Defendant's] books).

Moreover, Plaintiff's own citations do not support its position. For example, in *Zumpano v. Quinn*, 849 N.E.2d 926, 929 (N.Y. 2006), the court declined to apply equitable tolling and dismissed the complaints as time-barred. In *Zumpano* the plaintiffs, had allegedly suffered sexual abuse by the clergy when they were minor children. Following the abuse, one of the plaintiffs suffered a mental disability which rendered him unable to protect his own legal rights. The other plaintiffs alleged that they were deprived of the knowledge of the essential factual elements forming the basis of their redress. Even under such egregious circumstances, the Court declined to apply equitable tolling, stating that "it is fundamental to the application of equitable estoppel for plaintiff to establish that subsequent and specific actions by defendants somehow kept them from timely bringing suit." *Id.* at 929. The court added that "a wrongdoer is not legally obliged to make a public confession, or *to alert people who may have claims against it*, to get the benefit of a statute of limitations." *Id.* at 930 (emphasis added). As the court aptly noted in *Zumpano*, "if the doctrine of equitable estoppel were to be applied as broadly as Plaintiffs suggest, the statute of limitation would rarely be available as a defense." *Id*. at 929. The same rationale applies here.[7] Plaintiff has failed to show that Defendants did anything to preclude Plaintiff's discovery of the alleged wrong within the limitation period. Thus, the conversion

---

[7] The additional cases cited by Plaintiff are in accord that there is a substantially high standard for the application of equitable tolling, which is not met by the Plaintiff in this case. (Pl. MOL at 19-23).

claim is barred to the extent it seeks damages for any alleged acts of conversion that occurred more than three years prior to the date upon which the conversion claim was interposed.

### IV. Plaintiff Fails to State a Claim for Fraud against the Defendants

#### i. Plaintiff fails to Plead the Element of Reasonable Reliance

Defendants demonstrated that Plaintiff failed to allege the essential element of reasonable reliance so as to sustain the fraud claim. (Defs. MOL at 21-23). Recognizing that the amended complaint had failed to allege reasonable reliance, Plaintiff attempts improperly to support its claim by asserting wholly new allegations in its Memorandum of Law and in a Declaration accompanying its opposition. Plaintiff now contends that it would have not entered into the DLA with Defendants, had it known that Defendants were collecting neighboring rights from a third party. (Pl. MOL at 26). First, as noted, this allegation cannot be found in the Amended Complaint and should respectfully be disregarded. Second, even if it were properly alleged, this new allegation would not suffice to rescue Plaintiff's deficiently pled fraud claims. "Where sophisticated businessmen engaged in major transactions enjoy access to critical information but fail to take advantage of that access, New York courts are particularly disinclined to entertain claims of justifiable reliance." *Grumman Allied Indus. v. Rohr Indus. Inc.*, 748 F.2d 729, 737 (2d Cir. 1984). Plaintiff's allegations fail to show that Plaintiff reasonably relied on Ferrante's alleged misrepresentations; rather, the Amended Complaint alleges that Plaintiff was able to find that the revenues originating from the Neighboring Rights had been collected for years. Plaintiff also fails to explain how it could plausibly have reasonably relied on statements made to third parties nor does Plaintiff respond to Defendants' showing that Plaintiff failed to allege that a third party reasonably relied on Defendants' misrepresentations. Thus, Plaintiff's claim for fraud fails as a matter of law.

### ii. The Fraud Claim is Duplicative of the Breach of Contract Claim

Defendants demonstrated that Plaintiff's fraud claim was inactionable because it was duplicative of its breach of contract claim. (Defs. MOL at 24). Plaintiff argues that its fraud claim is not duplicative of its breach of contract claim because (i) Defendants' collection of royalties deriving from neighboring rights imparted a legal duty upon the Defendants to have received Plaintiff's consent to collect the royalties, and (ii) Defendants' actions were outside the scope of the Agreement. (Pl. MOL at 28). Plaintiff relies upon *GEM Advisors, Inc. v. Corporacion Sidenor S.A.*, 667 F. Supp. 2d 308, 330-31 (S.D.N.Y. 2009). Unlike here, however, in *GEM*, the Plaintiff had alleged misrepresentations concerning the ownership of the company, which the Court found extraneous to the agreement. Plaintiff's claims based on statements insuring defendants' obligations under the agreement, and their promise to perform under the agreement, were dismissed as duplicative of the breach of contract claims. Here, it is apparent that the alleged fraud is premised upon an alleged breach of contractual duties, that is Planet Records' alleged failure to provide correct royalty statements to Plaintiff. Thus, the allegations in the Amended Complaint do not concern representations that are collateral or extraneous to the terms of the agreement.[8]

### V. Plaintiff's Breach of Contract Claim Should Be Dismissed

Defendants demonstrated that Plaintiff's breach of contract claim is preempted because it is not qualitatively different from a copyright claim. (Defs. MOL at 18-20). *See also Cooper*, 2001 U.S. Dist. LEXIS 16436, at *14-15. Plaintiff attempts to argue that some breach of

---

[8] Unable to meet the legal standard for its claim for the recovery of punitive damages for this ordinary business dispute, Plaintiff reverts to arguing that it is premature for the court to rule on the issue. (Pl. MOL at 30). The pleadings, however, are a sufficient basis for this Court to determine that the allegations do not support a finding of a "gross and wanton fraud upon the public" to support a claim for punitive damages. *See TVT Records v. Island Def Jam Music Grp.*, 412 F.3d 82, 95 (2d Cir. 2005).

contract claims should survive because Defendants had not moved to dismiss all of its breach of contract claims. (Pl. MOL at 24). Specifically, Plaintiff contends that Defendants did not move to dismiss Plaintiff's claims for failure to account to Plaintiff in accordance with the agreement, and failure to pay royalties due under the terms of the agreements during and after the terms of the agreement. (Pl. MOL at 24). Despite how Plaintiff characterizes the alleged breach of contract, Plaintiff's claim for failure to account and payment of royalties essentially seeks damages for the payment of royalties deriving from "neighboring rights." As shown, this claim is preempted by the Copyright Act.

## VI. The Court Lacks Personal Jurisdiction Over Ferrante

Ferrante established that the Court lacks personal jurisdiction over him. (Defs. MOL at 26-31). Entirely disregarding the requirements imposed by the law, Plaintiff relies on a declaration that attempts to build a case for personal jurisdiction based on sweeping and generic claims such as that New York is a "major center of music throughout the world and the home of many record labels and distributors." (Hidalgo Decl.[9] at 5). According to Plaintiff's logic, Ferrante would thus be subject to jurisdiction in every "major center of music throughout the world." This absurd reasoning, if accepted by the Court, would clearly violate well-established precedent as well as due process.

Ferrante submits herewith a second Declaration in further support of his motion to dismiss for lack of jurisdiction and disputing Plaintiff's factually unsupported declaration. As the record shows, Plaintiff is a Florida corporation. (Compl. ¶ 1). Ferrante acted at all times in his capacity as an officer of Planet Records. (Ferrante Decl.[10] ¶ 10). Ferrante did not have any

---

[9] "Hidalgo Decl" refers to the declaration of Juan Hidalgo dated August 12, 2013 and filed in support of Plaintiff's memorandum of law in opposition to Defendants' Motion to Dismiss the Amended Complaint.
[10] "Ferrante's Decl." refers to the Declaration of Roberto Ferrante dated July 18, 2013 in support of his motion to dismiss the Amended Complaint.

contacts with Juan Hildago or Marti Cuevas in New York. (Second Ferrante's Decl[11] at ¶ 2). Ferrante did not meet Plaintiff in New York, nor did he conduct business with Plaintiff in relation to the facts alleged in the Amended Complaint in the State of New York. (Ferrante's Decl. ¶¶ 3-6). Further, Ferrante does not own any real estate in New York, is not listed in any telephone directory in New York and does not hold any bank account in New York. (Ferrante's Decl. ¶¶ 7-9). The contracts between J&N and Planet Records were negotiated in Europe, in Cannes, France, at the Marché International du Disque et de l'Edition Musicale ("MIDEM"), which is the most important event in the world for the music business. (Second Ferrante's Decl. ¶ 3). All initial solicitations to conduct business with Planet Records were initiated by Juan Hidalgo and Marti Cuevas at MIDEM. (Second Ferrante's Decl. ¶ 4). All negotiations of the contracts between J&N and Planet Records were conducted in the presence of translators at MIDEM as Ferrante is not fluent in English. (Second Ferrante's Decl. ¶ 5). Ferrante did not have any conference call with Juan Hidalgo or Marti Cuevas. (Second Ferrante's Decl. ¶ 6). All additional contacts in reference to the contracts between J&N and Planet Records were conducted by Domenico Cipolletta, an employee of Ferrante Productions S.r.l. with J&N representatives located in Miami. (Second Ferrante's Decl. ¶ 7). Ferrante has no knowledge that J&N had an office in New York. (Second Ferrante's Decl. ¶ 8). For the reasons set forth in Defendants' initial moving papers (Defs. MOL at 26-31), the complaint should be dismissed as against Ferrante for lack of personal jurisdiction.

## CONCLUSION

For each of the foregoing reasons, Defendants respectfully request that this Court dismiss the Amended Complaint with prejudice and without further leave to amend.

---

[11] "Second Ferrante's Decl." refers to the Declaration of Roberto Ferrante dated August 21, 2013 in support of Defendants' Reply Memorandum in support of Defendants' Motion to Dismiss.

Dated: New York, New York
August 21, 2013

        Respectfully submitted,

        HERZFELD & RUBIN, P.C.

        By: \_\_\_\_/s/_____
            Mark A. Weissman
            Lydia Ferrarese
            125 Broad Street
            New York, New York 10004
            (212) 471-8500

            *Attorneys for Defendants*
            *Roberto Ferrante and*
            *Planet Records*