UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

J&N RECORDS, LLC.,

Plaintiff,

-against-

PLANET RECORDS a Division of
FERRANTE PRODUCTIONS, S.R.L.
ROBERTO FERRANTE, and SCORPIO MUSIC,

Defendants.

---------------------------------------------------------------x

Case No. 1:12-cv-07265-KBF

**ELECTRONICALLY FILED ANSWER AND COUNTERCLAIM**

Defendant, Planet Records a division of Ferrante Productions S.r.l. ("Planet Records"), by its attorneys Herzfeld & Rubin, P.C., as and for its Answer to the Complaint of plaintiff J&N Records LLC (hereinafter "J&N") states, upon information and belief as follows:

**AS TO THE THE PARTIES**

1. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 1.

2. Admits the allegations in paragraph 2.

3. Per the order dated October 25, 2013 Defendant Planet Records is not required to, and does not, respond to the allegations in paragraph 3.

**AS TO JURISDICTION AND VENUE**

4. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 4 and refers all questions of law to this Honorable Court.

5. Denies the allegations of paragraph 5 and refers all questions of law to this Honorable Court.

6. Admits the allegations in paragraph 6 pertaining to Planet Records. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 6 pertaining to Roberto Ferrante.

7. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 7, which are otherwise denied.

8. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 8 and refers all questions of law to this Honorable Court.

**AS TO THE STATEMENTS OF FACTS**

9. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 10.

11. Admits the allegations in paragraph 11.

12. Admits the allegations in paragraph 12.

13. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 14.

15. Denies the allegations of paragraph 15.

16. Denies the allegations of paragraph 16.

17. Admits the allegations in paragraph 17.

18. Denies the allegations of paragraph 18 concerning the characterization of the SLA[1]. The SLA is a written document which speaks for itself and Defendant respectfully refers the Honorable Court to the writing for the contents therein.

19. Denies the allegations of paragraph 19 concerning the characterization of the SLA. The SLA is a written document which speaks for itself and Defendant respectfully refers the Honorable Court to the writing for the contents therein.

20. Admits the allegations in paragraph 20.

21. Denies the allegations of paragraph 21 concerning the characterization of the ALA. The ALA is a written document which speaks for itself and Defendant respectfully refers the Honorable Court to the writing for the contents therein.

22. Denies the allegations of paragraph 22 concerning the characterization of the ALA. The ALA is a written document which speaks for itself and Defendant respectfully refers the Honorable Court to the writing for the contents therein.

23. Denies the allegations of paragraph 23 concerning the characterization of the ALA. The ALA is a written document which speaks for itself and Defendant respectfully refers the Honorable Court to the writing for the contents therein.

24. Denies the allegations of paragraph 24 concerning the characterization of the ALA. The ALA is a written document which speaks for itself and Defendant respectfully refers the Honorable Court to the writing for the contents therein.

25. Denies the allegations of paragraph 25 concerning the characterization of the ALA. The ALA is a written document which speaks for itself and Defendant respectfully refers the Honorable Court to the writing for the contents therein.

26. Denies the allegations of paragraph 26.

---

[1] Unless otherwise specified, capitalized terms are used herein as defined in the Amended Complaint.

27. Denies the allegations of paragraph 27 concerning the characterization of the ALA. The ALA is a written document which speaks for itself and Defendant respectfully refers the Honorable Court to the writing for the contents therein.

28. Denies the allegations of paragraph 28.

29. Denies the allegations of paragraph 29 and refers all questions of law to this Honorable Court.

30. Denies the allegations of paragraph 30 concerning the characterization of the DLA except admits that it entered into the DLA. The DLA is a written document which speaks for itself and Defendant respectfully refers the Honorable Court to the writing for the contents therein.

31. Denies the allegations of paragraph 31 concerning the characterization of the DLA and refers all questions of law to this Honorable Court. The DLA is a written document which speaks for itself and Defendant respectfully refers the Honorable Court to the writing for the contents therein.

32. Denies the allegations of paragraph 32 concerning the characterization of the ALA. The ALA is a written document which speaks for itself and Defendant respectfully refers the Honorable Court to the writing for the contents therein.

33. Denies the allegations of paragraph 33 concerning the characterization of the DLA and ALA. The DLA and ALA are written documents which speak for themselves and Defendant respectfully refers the Honorable Court to the writing for the contents therein.

34. Admits the allegations in paragraph 34.

35. Denies the allegations of paragraph 35 except admits that Planet Records did account to and paid plaintiff J&N under the agreements.

36. Denies the allegations of paragraph 36.

37. Denies the allegations of paragraph 37.

38. Denies the allegations of paragraph 38.

39. Denies the allegations of paragraph 39.

40. Denies the allegations of paragraph 40.

41. Denies the allegations of paragraph 41 except admits that Planet Records entered into a written agreement with Scorpio.

42. Denies the allegations of paragraph 42.

43. Denies the allegations of paragraph 43.

44. Denies the allegations of paragraph 44.

45. Denies the allegations of paragraph 45.

46. Denies the allegations of paragraph 46.

47. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 47, which are otherwise denied.

48. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 48, which are otherwise denied.

49. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 49.

50. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 50.

51. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 51.

52. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 52.

53. Denies the allegations of paragraph 53.

54. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 54, which are otherwise denied.

55. Denies the allegations of paragraph 55.

56. Denies the allegations of paragraph 56.

57. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 57, which are otherwise denied.

58. Denies the allegations of paragraph 58.

59. Denies the allegations of paragraph 59.

**AS AND FOR THE FIRST CAUSE ACTION**

60. Answering paragraph 60 of the Amended Complaint, Defendant repeats, reiterates and realleges each and every of the foregoing allegations, denials and admissions contained in paragraphs "1" through "59" of this Answer as though fully set forth at length herein.

61. Denies the allegations of paragraph 61 concerning the characterization of the DLA and ALA. The DLA and ALA are written documents which speak for themselves and Defendant respectfully refers the Honorable Court to the writing for the contents therein.

62. Denies the allegations of paragraph 62 concerning the characterization of the ALA. The ALA is a written document which speaks for itself and Defendant respectfully refers the Honorable Court to the writing for the contents therein.

63. Denies the allegations of paragraph 63 concerning the characterization of the ALA. The ALA is a written document which speaks for itself and Defendant respectfully refers the Honorable Court to the writing for the contents therein.

64. Denies the allegations in paragraph 64 and refers all questions of law to this Honorable Court.

65. Denies the allegations in paragraph 65 and refers all questions of law to this Honorable Court.

66. Denies the allegations in paragraph 66 and refers all questions of law to this Honorable Court.

67. Denies the allegations in paragraph 67 and refers all questions of law to this Honorable Court. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 67 concerning Roberto Ferrante, which are otherwise denied.

68. Denies the allegations in paragraph 68 and refers all questions of law to this Honorable Court. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 67 concerning Roberto Ferrante, which are otherwise denied.

**AS AND FOR THE SECOND CAUSE ACTION**

69. Answering paragraph 69 of the Verified Complaint, Defendant repeats, reiterates and realleges each and every of the foregoing allegations, denials and admissions contained in paragraphs "1" through "68" of this Answer as though fully set forth at length herein.

70. Denies the allegations of paragraph 70 concerning the characterization of the DLA. The DLA is a written document which speaks for itself and Defendant respectfully refers the Honorable Court to the writing for the contents therein.

71. Denies the allegations of paragraph 71 concerning the characterization of the DLA. The DLA is a written document which speaks for itself and Defendant respectfully refers the Honorable Court to the writing for the contents therein.

72. Denies the allegations of paragraph 72.

73. Denies the allegations of paragraph 73.

74. Denies the allegations of paragraph 74 and refers all questions of law to this Honorable Court.

75. Denies the allegations in paragraph 75 and refers all questions of law to this Honorable Court.

76. Denies the allegations in paragraph 76 and refers all questions of law to this Honorable Court.

**AS AND FOR THE THIRD CAUSE ACTION**

77. Answering paragraph 77 of the Verified Complaint, Defendant repeats, reiterates and realleges each and every of the foregoing allegations, denials and admissions contained in paragraphs "1" through "76" of this Answer as though fully set forth at length herein.

78. Denies the allegations of paragraph 78 concerning the characterization of the SLA, ALA and DLA. The SLA, ALA and DLA are written documents which speak for themselves and Defendant respectfully refers the Honorable Court to the writing for the contents therein.

79. Denies the allegations of paragraph 79.

80. Denies the allegations of paragraph 80. The ALA is a written document which speaks for itself and Defendant respectfully refers the Honorable Court to the writing for the contents therein.

81. Denies the allegations of paragraph 81 and refers all questions of law to this Honorable Court.

82. Denies the allegations of paragraph 82 and refers all questions of law to this Honorable Court.

83. Denies the allegations of paragraph 83.

84. Denies the allegations of paragraph 84 and refers all questions of law to this Honorable Court.

**AS AND FOR THE FOURTH CAUSE OF ACTION**

85. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 85, which are otherwise denied.

86. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 86, which are otherwise denied.

87. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 87, which are otherwise denied.

88. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 88, which are otherwise denied.

89. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 89, which are otherwise denied.

90. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 90, which are otherwise denied.

91. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 91, which are otherwise denied.

92. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 92, which are otherwise denied.

93. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 93, which are otherwise denied.

94. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 94, which are otherwise denied.

**AS AND FOR THE FIFTH CAUSE OF ACTION**

95. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 95, which are otherwise denied.

96. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 96, which are otherwise denied.

97. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 97, which are otherwise denied.

98. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 98, which are otherwise denied.

99. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 99, which are otherwise denied.

100. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 100, which are otherwise denied.

101. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 101, which are otherwise denied.

102. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 102, which are otherwise denied.

103. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 103, which are otherwise denied.

104. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 104, which are otherwise denied.

105. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 105, which are otherwise denied.

106. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 106, which are otherwise denied.

107. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 107, which are otherwise denied.

108. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 108, which are otherwise denied.

**AS AND FOR THE SIXTH CAUSE OF ACTION**

109. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 109, which are otherwise denied.

110. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 110, which are otherwise denied.

111. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 111, which are otherwise denied.

112. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 112, which are otherwise denied.

113. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 113, which are otherwise denied.

114. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 114, which are otherwise denied.

115. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 115, which are otherwise denied.

116. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 116, which are otherwise denied.

117. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 117, which are otherwise denied.

118. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 118, which are otherwise denied.

119. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 119, which are otherwise denied.

**AS AND FOR THE SEVENTH CAUSE OF ACTION**

120. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 120, which are otherwise denied.

121. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 121, which are otherwise denied.

122. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 122, which are otherwise denied.

123. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 123, which are otherwise denied.

124. Per the Order dated October 25, 2013 Defendant Planet Records is not required to respond to the allegations in paragraph 124, which are otherwise denied.

**FIRST AFFIRMATIVE DEFENSE**

125. Plaintiff's claims are barred in whole or in part by the doctrine of collateral estoppel.

**SECOND AFFIRMATIVE DEFENSE**

126. Plaintiff fails to state a cause of action, recognizable in equity or in law as against the answering Defendant Planet Records, upon which relief can be granted, and the Complaint must therefore be dismissed.

**THIRD AFFIRMATIVE DEFENSE**

127. Plaintiff waived any rights it may have had to the relief requested in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

128. Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

**COUNTERCLAIMS**

129. Counterclaim Plaintiff is an Italian company with offices in Naples, Italy.

130. Counterclaim Defendant is a corporation organized in and maintaining its principal place of business in the City of Miami.

I. **J&N's Breach of Contract**

**A. J&N's Failure to Issue Invoices and Tax Documents**

131. Under the terms of the SLA, ALA, and DLA, Planet Records remitted royalty payments to J&N. On several occasions from 2005 throughout 2013 J&N failed to issue invoices for the royalties it had received from Planet Records.

132. In 2005, J&N failed to send invoices for royalties paid by Planet Records in the amount of Euros 48,603.79. In 2008 J&N failed to send invoices for royalties paid by Planet Records in the amount of Euros 70,690.58.

133. On numerous occasions in 2005 and 2008 Planet Records solicited J&N's invoices, but to no avail.

134. J&N further failed to deliver to Planet Records mandatory documents required by the Italian tax authorities from foreign entities who receive payments from Italian entities. In the absence of such mandatory documents, Planet Records could not claim that it made a payment to a foreign entity, that is J&N, and paid taxes that were not otherwise due. Failure to timely send a copy of this statement to the Italian tax authorities also triggered the payment of a large fine for Planet Records.

**B. J&N's Unlawfully Sold Songs Licensed to Planet Records**

135. Pursuant to the terms of the ALA and DLA, Planet Records was appointed as the exclusive record label, licensee and distributor for the Album "Yeah, Baby" for the territory of Europe (except Spain) and Italy, San Marino, and the Vatican, respectively.

136. Pursuant to the terms of the ALA and DLA, Planet Records, among other things, had the exclusive right to sell, distribute and otherwise promotionally or commercially exploit by any means known (and notably the Internet) or yet to be invented or to license to third

parties the Masters in the territory where it was the exclusive record label, licensee and distributor.

137. Pursuant to the terms of the ALA and DLA, Planet Records' exclusive rights included the right to sell, distribute or otherwise promotionally or commercially exploit the digital format of the Album and all the tracks and songs embodied in the Album.

138. Since 2005 J&N has been selling and licensed to other third parties the Masters in digital format in Planet Records' exclusive territories thus violating the terms of the ALA and DLA.

139. J&N also sold and licensed the Masters in digital format in Planet Records' exclusive territories to Planet Record's own sub-licensees using licensee lists provided to J&N by Planet Records.

**AS AND FOR A FIRST COUNTERCLAIM**

**Breach of Contract**

140. Counterclaim Plaintiff repeats and realleges the allegations of paragraphs 129 through 139 as though fully set forth at length herein.

141. The parties entered into the SLA, ALA and DLA.

142. Pursuant to the terms of these contracts, Planet Records paid royalties to J&N. In breach of the terms of the agreements, J&N failed to issue invoices for the payments received and ancillary documents requested by the Italian Tax authorities.

143. In violation of the covenant of good faith and fair dealing, J&N failed to issue invoices for the payments received by Planet Records and failed to issue ancillary documents requested by the Italian Tax authorities.

144. Further violating the terms of the ALA and DLA, from 2005 through present J&N sold songs from the Album "Yeah, baby" in the territories where Planet Records was appointed as the exclusive licensee.

145. As a result of J&N's breaches of contract, Counterclaim Plaintiff Planet Records has suffered and continues to suffer immediate and substantial damages.

146. Plaintiff has sustained damages in excess of $300,000 by reason of the foregoing.

**PRAYER FOR RELIEF**

**WHEREFORE**, Counterclaim Plaintiff Planet Records demands judgment against Counterclaim Defendant J&N as follows:

1. That compensatory damages caused by Counterclaim Defendant's acts and omissions in the amount to be determined at trial but not less than $300,000.00, plus interest thereon at the rate of nine (9%) percent per annum be granted to Plaintiff.
2. Such other relief as Plaintiff may be entitled.

Dated: New York, New York
November 8, 2013

HERZFELD & RUBIN, P.C.

By: ______________________

Mark A. Weissman
Lydia Ferrarese
Attorneys for Defendant/
Counterclaim Plaintiff
125 Broad Street, 12th Floor
New York, New York 10004
(212) 471-8500
mweissman@herzfeld-rubin.com
lferrarese@herzfeld-rubin.com

## VERIFICATION

ROBERTO FERRANTE, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury the following:

1. I was the President of Planet Records a division of Ferrante Production S.r.l. from 2004 through October 2013;

2. I have read the foregoing complaint dated November 8, 2013 and know the contents thereof to be true to my own knowledge.

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. Executed in Naples (Italy) on November 8, 2013.

By: ____________
Roberto Ferrante